**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Life Saver Pool Fence Systems Incorporated,<br><br>  Plaintiff,<br><br>vs.<br><br>Jason Howard, et al.,<br><br>  Defendants. | No. CV-22-01556-PHX-SPL<br><br>**ORDER** |

Before the Court is Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 15), in which they seek dismissal of Count IV of Plaintiff's Complaint. For the following reasons, the Motion will be denied.[1]

**I.   BACKGROUND**

On September 13, 2022, Plaintiff Life Saver Pool Fence Systems, Inc. initiated this action against Defendants Jason and Tonja Howard, doing business in Arizona as A Safe Pool and The Pool Fence Warehouse. (Doc. 1). Plaintiff is a pool fence manufacturer. (Doc. 1 at 2). In 2008, Defendants became authorized dealers of Plaintiff's Life Saver pool fences pursuant to a dealership agreement. (Doc. 1 at 4). Plaintiff later terminated the agreement when Defendants allegedly breached the agreement by purchasing pool fences from Plaintiff's competitors and selling them to customers. (Doc.

---

[1] Because it would not assist in resolution of the instant issues, the Court finds the pending motion is suitable for decision without oral argument. *See* LRCiv 7.2(f); Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

1 at 4). Plaintiff alleges that in April 2022, it learned that Defendants were continuing to use the Life Saver name to market and sell competing pool fences. (Doc. 1 at 5). The Complaint includes several alleged text message exchanges between Defendants and customers in which Defendants purported to be selling Life Saver fences when in fact they were selling non-Life Saver fences. (Doc. 1 at 6–7).

The Complaint alleges four counts against Defendants: (1) trademark infringement; (2) false designation of origin and unfair competition; (3) unfair competition and palming off; and (4) tortious interference with business expectancy. (Doc. 1). On November 18, 2022, Defendants filed the pending Motion to Dismiss, which requests dismissal only of the tortious interference claim. (Doc. 15). The Motion has been fully briefed. (Docs. 19, 22).

## II.    LEGAL STANDARD

To survive a Rule 12(b)(6) motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible when it contains "factual content that allows the court to draw the reasonable inference" that the moving party is liable. *Id.* Factual allegations in the complaint should be assumed true, and a court should then "determine whether they plausibly give rise to an entitlement to relief." *Id.* at 679. Facts should be viewed "in the light most favorable to the non-moving party." *Faulkner v. ADT Sec. Servs., Inc.*, 706 F.3d 1017, 1019 (9th Cir. 2013).

## III.   DISCUSSION

Defendants move to dismiss Count IV of the Complaint, tortious interference with business expectancy. To state a claim for tortious interference, a plaintiff must allege facts showing:

> (1) the existence of valid contractual relationship or business expectancy; (2) knowledge of the relationship or expectancy on the part of the interferor; (3) intentional interference inducing or causing a breach or termination of the

2

> relationship or expectancy; and (4) resultant damage to the party whose relationship or expectancy has been disrupted.

*Antwerp Diamond Exch. of Am., Inc. v. Better Bus. Bureau of Maricopa Cnty., Inc.*, 637 P.2d 733, 740 (Ariz. 1981). Defendants contest all four elements, which the Court addresses in turn.

### a. Business Expectancy

A business expectancy is "a prospective business relation with another." *Dube v. C. Desai, Inc.*, No. 2 CA-CV 2007-0142, 2008 WL 4638924, at *1 (Ariz. Ct. App. Apr. 4, 2008) (internal quotation marks omitted). "To state a claim for tortious interference upon which relief may be granted, there must be a colorable economic relationship between the plaintiff and a third party with the potential to develop into a full contractual relationship." *Dube v. Likins*, 167 P.3d 93, 101 (Ariz. Ct. App. 2007) (internal quotation marks omitted). A plaintiff may allege a business expectancy with a group, such as customers, but that group must be "specifically identifiable." *Id.* (citing cases where allegations of interference with a relationship with a company's "enrollees," "patients," and "identifiable customers" were held sufficient).

When a plaintiff alleges that a defendant made false or misleading statements about the plaintiff specifically directed to the plaintiff's prospective customers, the plaintiff has alleged a valid business expectancy. In *MiCamp Solutions LLC v. National Processing LLC*, the parties entered into a receivables sales agreement by which MiCamp purchased a portfolio of assets, including National Processing's database of potential customers. No. CV-19-05468-PHX-MTL, 2020 WL 3893570, at *1 (D. Ariz. July 10, 2020). National Processing alleged tortious interference with a business expectancy against MiCamp. *Id.* at *3. Specifically, National Processing alleged that it continued to offer services to businesses not included in the portfolio sold to MiCamp, and that MiCamp was making false representations to those prospective customers that it was National Processing's parent company and could offer lower rates. *Id.* The court held that National Processing had sufficiently alleged a business expectancy because even though

National Processing's counterclaim did "not specifically identify the other businesses with whom [it] allegedly had a valid business expectancy, . . . interference with the opportunity to obtain customers is sufficient." *Id.* (citing *Edwards v. Anaconda Co.*, 565 P.2d 190, 192–93 (Ariz. Ct. App. 1977)).

Here, Plaintiff alleges that Defendants represented to customers who wanted to buy Life Saver pool fences that Defendants could sell them such products, when Defendants were in fact selling competing pool fences under the Life Saver name. Much like the circumstances in *MiCamp*, then, Defendants allegedly interfered with Plaintiff's opportunity to obtain customers for their Life Saver fences. Even though the Complaint does not identify prospective customers by name, it does include text messages between Defendant and certain customers inquiring about Life Saver fences. As Plaintiff has alleged that Defendant misled Plaintiff's prospective customers with respect to Plaintiff's products, Plaintiff has sufficiently pled a business expectancy.

### b. Knowledge of Expectancy

A defendant need not have knowledge of a specific expectancy so long as the defendant knows that the plaintiff is continually doing business; a defendant's "intent to keep away all who might otherwise deal with the plaintiff" suffices. *Edwards*, 565 P.2d at 192. Again, this case is analogous to *MiCamp*, where the Court found that "[t]he fact that MiCamp mentioned undercutting National Processing's rates, if true, suggests that MiCamp had knowledge of National Processing's legitimate business expectancy in those business relationships." *MiCamp Sols. LLC*, 2020 WL 3893570, at *3. Likewise, here, the alleged text message exchanges between Defendants and prospective customers repeatedly mention Life Saver products by name, suggesting Defendants' knowledge of Plaintiff's business expectancy. Moreover, given that Defendants were formerly authorized dealers for Plaintiff and continue to compete in the pool fence market, it can easily be inferred that Defendants were aware of Plaintiff's continuing business. The nature of Defendants' alleged misrepresentations—selling or attempting to sell competing pool fences under the Life Saver name to customers who specifically sought

Life Saver fences—plainly supports an intent to keep away customers who would otherwise purchase from Plaintiff. The Complaint adequately alleges the knowledge element.

### c. Termination of Expectancy

An allegation of an interference that has "the effect of dampening sales or other business transactions" is sufficient to establish a breach or termination of an expectancy. *Antwerp Diamond Exch. of Am., Inc.*, 637 P.2d at 740; *see also MiCamp Sols. LLC*, 2020 WL 3893570, at *3 (finding allegations "that MiCamp's affirmative misrepresentations damaged National Processing's goodwill and business reputation" were sufficient to plead the third element). Here, Plaintiff alleges that Defendants caused market confusion and damaged Plaintiff's reputation and goodwill by falsely leading customers to believe that Defendants were selling Life Saver fences. Further, Plaintiff alleges that Defendants sold one of their competing fences to at least one customer who specifically asked Defendants to "[g]et me the Life Saver one." (Doc. 1 at 7). Thus, the Complaint pleads this element by alleging facts sufficient to show the dampening of Plaintiff's sales and harm to its business reputation and goodwill.

### d. Damage

Finally, and relatedly, Plaintiff must plead that it suffered damages from the alleged interference. Damages might include "economic damages, loss of business, and loss of goodwill." *Glamour Dolls Inc. v. Lisa Frank Inc.*, No. CV-21-00228-TUC-SHR, 2022 WL 3098042, at *13 (D. Ariz. Aug. 4, 2022); *see also MiCamp Sols. LLC*, 2020 WL 3893570, at *3. Here, as described above, Plaintiff alleges that Defendants' actions have damaged its goodwill and reputation, and that Defendants have profited off Plaintiff by leading customers to believe that their products were actually Plaintiff's products. In this way, Plaintiff has alleged damages in the form of economic harm and loss of business and goodwill. The Complaint sufficiently pleads all four elements of tortious interference with a business expectancy and therefore adequately states the claim.

///

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss for Failure to State a Claim (Doc. 15) is **denied**. Defendants shall have until **February 20, 2023** to answer the Complaint.

Dated this 6th day of February, 2023.

Honorable Steven P. Logan
United States District Judge